IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**SHEKEARA ADMORE,**

       **Plaintiff,**     CASE NO.:

v.

**HOSPICE OF PALM BEACH COUNTY,
INC. d/b/a TRUSTBRIDGE HOSPICE
FOUNDATION, INC.,**

       **Defendant.**
_____/

## COMPLAINT

Plaintiff, SHEKEARA ADMORE, by and through her undersigned counsel, hereby sues Defendant, HOSPICE OF PALM BEACH COUNTY, INC. d/b/a TRUSTBRIDGE HOSPICE FOUNDATION, INC., and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

2. Venue lies within United States District Court for the Southern District of Florida, West Palm Beach Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, SHEKEARA ADMORE (hereinafter as "Admore" or "Plaintiff"), is a resident of West Palm Beach County, Florida, at all times material and was an employee of Defendant within the meaning of the Family and Medical Leave Act (FMLA).

4. Defendant, HOSPICE OF PALM BEACH COUNTY, INC. d/b/a TRUSTBRIDGE, INC., is a Florida corporation authorized and doing business in this Judicial

District.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

9. Plaintiff began her employment with Defendant on or around February 27, 2017 as a RN Floating Manager.

10. In or around January 29, 2020, Plaintiff was approved for FMLA.

11. On April 24, 2020, Plaintiff returned to work but her job duties were significantly changed prior to taking FMLA. Plaintiff worked 5 days a week in the office but upon return to work, plaintiff's job assignment location was changed to work 3 days a week (Monday, Wednesday, and Friday) in Jupiter Medical Center's Inpatient Hospice Unit and 2 days a week (Tuesday and Thursday) at home.

12. On April 24, 2020, Plaintiff submitted a doctor's note to Human Resource representative, Fazieh Formosa, which stated that Plaintiff needed to work from home due to her son's underlying medical condition and covid-19.

13. On April 27, 2020, Plaintiff was told the organization could not support the Plaintiff working from home nor in the office setting 5 days per week, therefore, the Plaintiff's workload

would be reduced from full time hours of pay, 40 hours per week, to part time 16 hours per week for 30 days to work at home on Tuesdays and Thursday of each week.

14. On May 13, 2020, an email was sent to all employees stating the organization would accommodate all full-time employees who were affected by COVID 19 to maintain their full-time status until June 30, 2020. Despite the said accommodation, Plaintiff continued to only be permitted to work part time, 16 hours per week (Tuesdays and Thursdays) until June 30, 2020.

15. On May 28, 2020, Plaintiff was granted an additional 30 days to work from home 2 days a week with the stipulation that she had to return to work full duty by June 30, 2020.

16. On June 30, 2020, Plaintiff received a call from Area Director, Elaine Williams and Chief Nursing Officer, Jacqueline Lopez-Devine confirming her return to work on July 1, 2020. Plaintiff confirmed her return to work.

17. Shortly afterwards, Plaintiff received a second call from Ms. Williams and Ms. Lopez-Devine informing she was required to work in Jupiter Medical Center Hospital's Inpatient Hospice unit 3 days a week and in the Area 4 office 2 days a week.

18. Plaintiff made Ms. Williams aware and reminded Mrs. Lopez-Devine, Plaintiff could not work in the said capacity in the Inpatient Unit amongst positive COVID patients due to health reasons but could return to the office 5 days per week as assigned prior to FMLA.

19. Plaintiff was told that if she could not fulfill her job duties, she would need to resign.

20. Later in the day, Plaintiff received a call from Pauline Christian, Sr. Human Resource representative, along with ElvaLinda Gonzalez who told Plaintiff they were informed that she could not return to work due to her son's medical condition and therefore needed to tender her resignation.

21. Plaintiff explained to Ms. Christian that she was not resigning and wanted to return to her normal job duties she was performing prior to FMLA working in the office and not with patients due to her son's medical condition.

22. Plaintiff was told they could not accommodate her request and was constructively discharged.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

23. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 22.

24. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

25. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months and had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave.

26. Plaintiff is a covered employee within the meaning of FMLA.

27. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant interfered with Plaintiff's lawful right to apply for and take FMLA leave and to be reinstated to the same or equivalent job position upon her return from her FLMA.

28. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights and constitute violations of the FMLA.

29. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, SHEKEARA ADMORE, prays for judgment against the Defendant, HOSPICE OF PALM BEACH COUNTY, INC. d/b/a TRUSTBRIDGE HOSPICE FOUNDATION, INC., for the following damages:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Attorneys' fees and costs;

    f.    Injunctive relief; and

    g.    For any other relief, this Court deems just and equitable.

## COUNT II
## (FAMILY AND MEDICAL LEAVE ACT -- RETALIATION)

30.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 22.

31.    Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for time off and utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to not reinstate Plaintiff to her same or similar job position.

32.    Defendant's actions constitute a violation of the FMLA.

33.    As a result of Defendant's actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, SHEKEARA ADMORE, prays for judgment against the Defendant, HOSPICE OF PALM BEACH COUNTY, INC. d/b/a TRUSTBRIDGE HOSPICE FOUNDATION, INC., for the following damages:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Attorneys' fees and costs;

  f.  Injunctive relief; and

  g.  For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

34. Plaintiff, SHEKEARA ADMORE, requests a jury trial on all issues so triable.

Dated this 11th day of August 2020.

            **FLORIN GRAY BOUZAS OWENS, LLC**

            */s/Christopher D. Gray*
            **CHRISTOPHER D. GRAY, ESQUIRE**
            Florida Bar No.: 902004
            Primary: chris@fgbolaw.com
            Secondary: debbie@fgbolaw.com
            **WOLFGANG M. FLORIN, ESQUIRE**
            Florida Bar No.: 907804
            wolfgang@fgbolaw.com
            16524 Pointe Village Drive, Suite 100
            Lutz, FL 33558
            Telephone (727) 254-5255
            Facsimile (727) 483-7942
            Attorneys for Plaintiff